## HALL *v.* THE STATE.

Where in a criminal case the accused moved for a new trial on the day that he was convicted, and the motion was set for a hearing within thirty days from the date of the trial and before the end of the term, the accused had until the actual hearing of the motion to prepare, have approved, and file a brief of the evidence introduced on the trial.

Submitted May 16, — Decided June 8, 1904.

Motion for new trial.    Before Judge Hodges.    City court of Macon.    March 12, 1904.

*Herman Brasch*, for plaintiff in error, cited 102 *Ga.* 549 ; 104 *Ga.* 205 ; 110 *Ga.* 281 ; 118 *Ga.* 544.

*William Brunson, solicitor-general,* contra, cited Acts 1889, p. 83; 91 *Ga.* 819; 99 *Ga.* 374; 111 *Ga.* 812; 41 *Ga.* 578.

CANDLER, J.   At the March term, 1904, of the city court of Macon, Wash Hall was tried and convicted of the offense of carrying concealed weapons.   The trial, conviction, and sentence took place on March 7, and on the same day a motion for a new trial was made.   The judge issued a rule nisi calling upon the solicitor to show cause, on March 12, why the motion should not be granted. On the day last mentioned the motion came on to be heard, and the solicitor moved that it be dismissed, on the ground that no brief of the evidence introduced on the trial had been filed with the motion.   Counsel for the accused then asked leave to file a brief of the evidence which had been agreed to as correct by the solicitor.   This was refused, and the motion to dismiss was sustained.   It appears from the bill of exceptions and the certificate of the clerk of the trial court that that court did not adjourn for the term until April 9, 1904.   To the dismissal of his motion for a new trial the accused excepts.

The ruling complained of was erroneous.   The accused had thirty days from March 7 within which to file his motion for a new trial.   He filed it on the day of the trial, and on the day set for the hearing of the motion, which was within the thirty days allowed him, he tendered to the court a brief of the evidence, which was admitted to be correct.   If it was correct, the court should have approved it and passed on the grounds of the motion. When the motion was filed the court had the right to set it for a hearing at any time during the term; or he might have set it for a hearing in vacation.   In the latter event it would have been necessary for the movant to take an order allowing him to file his brief of the evidence in vacation, if for any reason he could not file it in term.   But inasmuch as he had thirty days within which to file his motion, if the term of court at which he was tried should last that long after the trial, we can see no reason why, in view of the fact that the hearing was set for a time within thirty days from the hearing and before the end of the term, he should not have until the hearing to prepare and file his brief of the evidence.   There is nothing in any of the decisions of this court. cited on the brief of the solicitor, that is contrary to the view herein announced.   We do not think that the Penal Code, § 1063,

requires the filing of the motion and the brief of evidence together. The motion may be filed on one day, and the brief of evidence, under the approval of the court, on another, provided this is done within thirty days after the conclusion of the trial and before the end of the term. It then becomes the duty of the court to approve the brief, if it is correct, at any time before the actual hearing of the motion.

*Judgment reversed. All the Justices concur.*